# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# EVANSVILLE DIVISION

| | |
|---|---|
| **DONELLE BOYD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| **DEACONESS HOSPITAL, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Donelle Boyd ("Boyd"), by counsel, brings this action against Defendant, Deaconess Hospital, Inc. ("Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et. seq.*

### II. PARTIES

2. Boyd is a resident of Vanderburgh County, Indiana, which is located within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and routinely conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343 and 42 U.S.C. § 2000e-5(f)(3).

5. Defendant is an "employer," as that term is defined by 42 U.S.C. §2000e(b).

6. Boyd was an "employee," as that term is defined by 42 U.S.C. §2000e(f).

1

7.   Boyd satisfied her obligation to exhaust her administrative remedies, having timely filed Charges of Discrimination (Charge No. 24C-2024-00010, Charge No. 24C-20223-000088, and Charge No. 24C-20223-0010) with the U.S. Equal Employment Opportunity Commission ("EEOC") against the Defendant alleging discrimination based on her race and retaliation for engaging in a protected activity. Boyd received the required Notice of Suit Right to Sue on June 17, 2024, and timely files this action.

8.   A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, the venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9.   Boyd is a Black individual.

10.  In or around June 2022, Boyd began working for Defendant as a Graduate Clinical Office Assistant.

11.  At all relevant times, Boyd met or exceeded Defendant's legitimate performance expectations. Specifically, during review periods, Boyd scored well and received all commiserate bonuses and raises as a result of her good performance.

12.  In August 2022, Boyd was moved to North Pod in Defendant's facility to work with Dr. Tiffany Frey ("Dr. Frey"), Caucasian. During this time, Boyd was subjected to worse terms and conditions than individuals outside of her protected class.

13.  In November 2022, Boyd reported her unfair treatment to Corey Chapman ("Chapman"), Practice Manager, but nothing was done.

14.  Around June 2023, another employee, Lori Marvell ("Marvell"), Caucasian, who handled scheduling for both the North and South pods, moved to a different department. Because

of this change, Chapman met with Boyd to discuss a scheduling change. Chapman changed both Boyd's and Thomas' schedules and eliminated their day off. Though Chapman knew this would be a hardship to Boyd, he told her that the decision was final and that she could find another position if the change did not work. Because of her concerns about how this change would affect her, Boyd went to Stephanie Underhill, HR, to report her concerns. Boyd also reported that Chapman had commented that he wished he had not hired both Boyd and Thomas, the Black employees.

15. Boyd also reported to Stephanie Underhill ("Underhill") comments made by Chapman as to why two other Caucasian Clinical Office Assistants like chicken nuggets, where he stated it was because they were White. Nothing was done by Underhill.

16. On September 7, 2023, Boyd filed a Charge of Discrimination against Defendant. On October 6, 2023, Boyd received a disciplinary notice for an incident that occurred on September 29, 2023, alleging that Boyd took an extended break, which was untrue.

17. Because of this notice, Boyd asked to leave work early the same day and was falsely told she had accumulated only 1 attendance point. On October 13, 2023, she received a disciplinary notice for leaving early on October 6, 2023.

18. Further, following her filing her Charge, Boyd noticed Defendant keeping closer tabs on her – something not done for her similarly-situated Caucasian employees. Further, Boyd was issued a corrective action on October 26, 2023 for alleged poor performance and was given a poor performance evaluation.

19. Because of Defendant's discriminatory and retaliatory actions, Boyd filed a second Charge of Discrimination on November 3, 2023 (Charge No. 24C-20223-0010) alleging

discrimination based on her race and retaliation Defendant is aware and/or has a written record of Boyd's record of engaging in protected activity.

20. On or around December 14, 2023, shortly after filing her second EEOC Charge, Defendant terminated Boyd's employment stating that she had unsatisfactory performance. Defendant's stated reason for terminating Boyd's employment is pretext for race discrimination and retaliation. Similarly situated employees outside of Boyd's protected class were treated more favorably despite engaging in similar or worse performance and were not reprimanded or terminated as a consequence. These individuals include but are not limited to; Lori Marvell ("Marvell"), Nakhia Thomas ("Thomas"), and Ashley Daughtery ("Daughtery").

## V. CAUSES OF ACTION

### COUNT I: TITLE VII – RACE DISCRIMINATION

21. Boyd hereby incorporates paragraphs one (1) through twenty (20) of her Complaint as if the same were set forth at length herein.

22. Boyd is a Black Individual.

23. Defendant discriminated against, subjected Boyd to disparate treatment and terms of employment, and terminated her employment on the basis of her race.

24. Defendant's actions were intentional, willful, and taken in reckless disregard of Boyd's rights as protected by Title VII .

25. Boyd has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: TITLE VII - RETALIATION

26. Boyd hereby incorporates paragraphs one (1) through twenty-five (25) of her Complaint as if the same were set forth at length herein.

27. Boyd engaged in a protected activity when she complained of disparate treatment and less favorable terms and conditions of employment between herself and others outside of her protected class.

28. Defendant retaliated against Boyd for engaging in protected activity by terminating her employment.

29. Defendant's actions were intentional, willful, and taken in reckless disregard of Boyd's rights as protected by Title VII.

30. Boyd has suffered damages as a result of Defendant's unlawful actions.

## VI. **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Donelle Boyd, respectfully requests that this court enter judgment in her favor and award her the following relief:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against an employee based on their race and/or retaliates against any employee after engaging in a protected activity;

2. Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

3. Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4. Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Award Plaintiff compensatory damages for violations of Title VII;

6. Award Plaintiff punitive damages for Defendants' violations of Title VII;

7. Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

8. Award Plaintiff pre- and post-judgment interest on all sums recoverable; and

9. Award Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

        Respectfully submitted,

        BIESECKER DUTKANYCH & MACER, LLC
        By: */s/ Lauren E. Berger*
        Lauren E. Berger
        411 Main Street
        Evansville, Indiana 47708
        Telephone: (812) 424.1000
        Facsimile: (812) 424.1005
        Email: lberger@bdlegal.com

        *Counsel for Plaintiff, Donelle Boyd*

## DEMAND FOR JURY TRIAL

Plaintiff, Donelle Boyd, by counsel, requests a trial by jury on all issues deemed so triable.

        Respectfully submitted,

        BIESECKER DUTKANYCH & MACER, LLC
        By: */s/ Lauren E. Berger*
        Lauren E. Berger
        411 Main Street
        Evansville, Indiana 47708
        Telephone: (812) 424.1000
        Facsimile: (812) 424.1005
        Email: lberger@bdlegal.com

        *Counsel for Plaintiff, Donelle Boyd*